**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROLAND HAMILTON, | No. 17-15112 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00342-RCJ-WGC |
| v. | |
| ROMEO ARANAS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 18, 2017**

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Nevada state prisoner Roland Hamilton appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to a serious medical need. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004). We affirm in part, reverse in part, and remand.

To the extent that Hamilton's deliberate indifference claim was based on defendant Dr. Aranas allegedly failing to recommend surgery for Hamilton's hernia, the district court properly granted summary judgment because Hamilton failed to raise a genuine dispute of material fact as to whether Dr. Aranas was deliberately indifferent. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

However, to the extent that Hamilton's deliberate indifference claim was based on defendant Dr. Aranas denying Hamilton a follow up appointment with Dr. Feikes, summary judgment was improper. The record reflects that after Hamilton told Dr. Aranas that he was supposed to have a follow up appointment with Dr. Feikes, Dr. Aranas told Hamilton that it "was not going to happen," and there is no explanation in the record why Dr. Aranas did not refer the matter to the Utilization Review Panel. Because Hamilton has raised a genuine dispute of material fact as to whether Dr. Aranas chose this course in conscious disregard of an excessive risk to Hamilton's health, we reverse the judgment in part and remand for proceedings as to this claim only.

We reject as without merit Hamilton's contentions regarding judicial bias.

17-15112

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**